**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: ) | |
| ) | Case No.: 23 B 09139 |
| DALIA S. MANJARRES COHEN, ) | |
| ) | Chapter: 7 |
| Debtor. ) | |
| _____ ) | Judge: Timothy A. Barnes |
| RCI REALTY, LLC, an Illinois limited ) | |
| liability company d/b/a Real Chicago ) | |
| Investments; and EMILIA CRESPO, an ) | |
| individual, ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | Adv. No. 23 A 00317 |
| DALIA S. MANJARRES COHEN, an ) | |
| individual, ) | |
| ) | |
| Defendant. ) | |

**ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT TO DETERMINE**
**NON-DISCHARGEABILITY OF DEBT AND OBJECTING TO DISCHARGE**

**NOW COMES** the Defendant, Dalia S. Manjarres Cohen, by and through her attorney, Peter C. Nabhani, and, as for her Answer and Affirmative Defenses to the Complaint to Non-Dischargeability of Debt and Objecting to Discharge, and in support thereof states as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334, §157(b)(1), and 11 U.S.C. §523.

**ANSWER**: The Defendant admits the assertions in this Paragraph.

2. This is a core proceeding pursuant to 28 U.S.C. §157(d)(2)(i).

**ANSWER**: The Defendant admits the assertions in this Paragraph.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1409.

1

**ANSWER**: The Defendant admits the assertions in this Paragraph.

## The Parties

4. During all times relevant to this complaint, RCI was and is a limited liability company organized pursuant to the laws of the State of Illinois and transacting business within Cook County, Illinois, which is located within this Court's judicial district.

**ANSWER**: The Defendant lacks knowledge to admit or deny the allegations in this paragraph, and therefore denies same.

5. During all times relevant to this complaint, CRESPO was and is a resident of Cook County, Illinois, which is located within this Court's judicial district.

**ANSWER**: The Defendant lacks knowledge to admit or deny the allegations in this paragraph, and therefore denies same.

6. Upon information and belief, during all times relevant to this complaint, DEFENDANT was and is a resident of Cook County, Illinois, which is located within this Court's judicial district.

**ANSWER**: The Defendant admits the assertions in this Paragraph.

7. PLAINTIFFS are creditors of DEFENDANT and are owed as-yet undetermined damages from her stemming from her willful and malicious injury to them and to their real estate business.

**ANSWER**: The Defendant lacks knowledge to admit or deny the allegations in this paragraph, and therefore denies same, and further denies that she engaged in any wrongful conduct.

## History of DEFENDANT'S Prior Legal Proceedings

8.      On March 23, 2023, PLAINTIFFS filed a two-count Verified Complaint at Law against DEFENDANT in the Circuit Court of Cook County, Illinois, for defamation per se and false light.

**ANSWER**:     The Defendant lacks knowledge to admit or deny the allegations in this paragraph, and therefore denies same.

9.      On April 3, 2023, DEBTOR filed a Voluntary Petition for relief under Chapter 7 of Title 11 of the United States Code, thereby commencing Case Number 23 B 04484 in this Court (the "PRIOR BANKRUPTCY CASE").

**ANSWER**:     The Defendant admits the assertions in this Paragraph.

10.     On April 4, 2023, this Court issued a Notice of Deficiency: Possible Dismissal of Case in the PRIOR BANKRUPTCY CASE due to DEFENDANT'S failure to file any Schedules and her Statement of Financial Affairs.

**ANSWER**:     The Defendant admits the assertions in this Paragraph.

11.     Thereafter, DEFENDANT filed a motion in the PRIOR BANKRUPTCY CASE requesting an extension of time to file her Schedules A through J and her Statement of Financial Affairs. On May 2, 2023, this Court granted her motion and ordered those documents to be filed in the PRIOR BANKRUPTCY CASE by May 8, 2023.

**ANSWER**:     The Defendant admits the assertions in this Paragraph.

12.      Despite this Court having given her more than enough opportunity to file her Schedules and her Statement of Financial Affairs in the PRIOR BANKRUPTCY CASE, DEFENDANT failed to file those documents by May 8, 2023.

**ANSWER**:     The Defendant admits that the documents were not filed, but denies the remainder of the assertions in this Paragraph.

13. On May 10, 2023, this Court issued a Notice of Hearing on Dismissal of Case and a Final Notice of Deficiency and Hearing on Dismissal of Case in the PRIOR BANKRUPTCY CASE due to DEFENDANT'S continued failure to file any Schedules and her Statement of Financial Affairs.

**ANSWER**: The Defendant admits that the documents were not filed, and that a Notice of Hearing on Dismissal was filed.

14. On June 13, 2023, with DEFENDANT still not having filed her requisite Schedules and Statement of Financial Affairs, this Court entered an Order Dismissing Case for Failure to File Required Documents, thereby terminating the PRIOR BANKRUPTCY CASE.

**ANSWER**: The Defendant admits the assertions in this Paragraph.

15. On July 14, 2023, DEBTOR filed a Voluntary Petition for relief under Chapter 7 of Title 11 of the United States Code, thereby commencing the above-captioned bankruptcy case in this Court.

**ANSWER**: The Defendant admits the assertions in this Paragraph.

### Factual Allegations Common to All Counts

16. RCI is a full-service real estate brokerage assisting sellers, buyers, and landlords in the metropolitan and surrounding suburban areas of Chicago, Illinois.

**ANSWER**: The Defendant lacks knowledge to admit or deny the allegations in this paragraph, and therefore denies same.

17. CRESPO is the registered Manager and owner of RCI.

**ANSWER**: The Defendant lacks knowledge to admit or deny the allegations in this paragraph, and therefore denies same.

18. In approximately June or July of 2022, or both, DEFENDANT waged a campaign of social media harassment of PLAINTIFFS and spreading of false information about them to third parties. This campaign included, without limitation:

    (a) Writing negative online reviews under pseudonyms regarding both RCI and CRESPO that contained false and misleading information;
    (b) Falsely accusing PLAINTIFFS of having engaged in criminal activity; and
    (c) Providing lengthy false and misleading factual accounts in writing about both RCI and CRESPO through her own social media profiles.

**ANSWER**: The Defendant denies the allegations in this paragraph.

19. In approximately June or July of 2022, or both, DEFENDANT communicated directly with persons and entities to try to influence them to refrain from doing business with PLAINTIFFS.

**ANSWER**: The Defendant denies the allegations in this paragraph.

20. In approximately June or July of 2022, or both, DEFENDANT communicated with RCI'S real estate agents through a third party to try to coax them to no longer work with PLAINTIFFS.

**ANSWER**: The Defendant denies the allegations in this paragraph.

21. In approximately June or July of 2022, or both, DEFENDANT communicated to third parties false accusations about PLAINTIFFS having committed illegal acts. Such representations included, without limitation:

    (a) A formal report to the Illinois Department of Professional and Financial Regulation ("IDFPR") that CRESPO carried out various notary public duties unlawfully, which the IDFPR ultimately concluded was an unsubstantiated accusation;

      (b)    Express accusations on multiple occasions about PLAINTIFFS allegedly having committed mortgage fraud and real estate fraud, all of which were false.

**ANSWER**: The Defendant denies the allegations in this paragraph.

22. DEFENDANT'S social media posts about PLAINTIFFS were shared from her own social media account 35 times or more by third parties.

**ANSWER**: The Defendant lacks knowledge to admit or deny the allegations in this paragraph and therefore denies same.

23. In February of 2023, PLAINTIFFS specifically lost an opportunity to conduct business with a potential investor, who declined to further participate in a business relationship with PLAINTIFFS after having learned of DEFENDANT'S aforesaid portrayal of them and statements about them.

**ANSWER**: The Defendant lacks knowledge to admit or deny the allegations in this paragraph and therefore denies same.

24. Attached hereto and incorporated herein by reference as group Exhibit A are true and accurate copies of some of DEFENDANT'S aforesaid published statements about PLAINTIFFS.

**ANSWER**: The Defendant neither admits or denies the accuracy of the attachments, and demands strict proof of same.

25. The aforesaid statements published by DEFENDANT about PLAINTIFFS were false.

**ANSWER**: The Defendant denies the allegations in this paragraph.

26. The aforesaid false statements published by DEFENDANT about PLAINTIFFS were reasonably inferred to be about PLAINTIFFS and, in some instances, expressly identified PLAINTIFFS by their names.

**ANSWER**: The Defendant denies the allegations in this paragraph.

27. DEFENDANT was in no position of privilege to publish her aforesaid false statements about PLAINTIFFS, as the statements were not between spouses, were not made in the course of litigation or under any of the governmental branches, and served no other purpose that would render the statements subject to a qualified privilege.

**ANSWER**: The Defendant admits that she had no privilege to publish the statements, but denies that the statements were false.

28. DEFENDANT published her aforesaid false statements about PLAINTIFFS on one or more social media platforms that were available to any person with access to such platforms. In fact, DEFENDANT'S social media platform posting history reveals that her aforesaid false statements about PLAINTIFFS were, in fact, seen, replied to, and shared by multiple third parties. See Ex. A.

**ANSWER**: The Defendant admits that she published certain statements, but denies the remainder of the allegations in this paragraph, including but not limited to, that the statements were false.

29. DEFENDANT published her aforesaid false statements about PLAINTIFFS with actual malice, as she published such statements despite knowing full well that they were false at the time that she published them. Alternatively, DEFENDANT published her aforesaid false statements about PLAINTIFFS with reckless disregard for the truth, as she published such statements either knowing full well that they were false or believing the

7

publication was true but lacking reasonable grounds for that belief at the time that she published them.

**ANSWER**: The Defendant denies the allegations in this paragraph.

30. In the State of Illinois, certain published statements are so egregious that they will always be considered defamatory and are assumed to harm a party's reputation, without further need to prove that any actual harm exists. This is known as defamation per se.

**ANSWER**: The Defendant denies the statement of Illinois law applies to the instant case.

31. The aforesaid false statements published by DEFENDANT about PLAINTIFFS constitute defamation per se because:

(a) DEFENDANT expressly accused PLAINTIFFS of committing crimes;
(b) DEFENDANT expressly stated that PLAINTIFFS are unable to perform their duties of employment or lack integrity in performing such duties; and
(c) DEFENDANT attributes to PLAINTIFFS a lack of ability or otherwise harms them in their profession as longstanding, reputable members of the real estate industry.

**ANSWER**: The Defendant denies that the statement of Illinois law applies to the instant case, as the statements were not false.

32. The aforesaid false statements published by DEFENDANT about PLAINTIFFS put PLAINTIFFS in a false light, as such statements represented that PLAINTIFFS' actions in their profession were deceitful, criminal in nature, dishonest, and improper.

**ANSWER**: The Defendant denies the allegations in this paragraph.

8

33. The aforesaid false statements published by DEFENDANT about PLAINTIFFS were available to and disseminated to a large audience of third parties on one or more social media platforms, several of whom either directly viewed such false statements, stated comments about her false statements, selected "Like" with respect to her false statements, or elected to "Share" such false statements (or some combination of these actions) through social media.

**ANSWER**:    The Defendant denies the allegations in this paragraph.

34. The aforesaid false statements published by DEFENDANT about PLAINTIFFS imputing deceit, criminality, dishonesty, and impropriety were highly offensive.

**ANSWER**:    The Defendant denies the allegations in this paragraph.

35. DEFENDANT acted with reckless disregard for whether her published statements about PLAINTIFFS were true or false

**ANSWER**:    The Defendant denies the allegations in this paragraph.

36. The aforesaid false statements published by DEFENDANT about PLAINTIFFS has damaged and continues to damage PLAINTIFFS. The full extent of such damage is unknown, but PLAINTIFFS believe the damage to be well in excess of $100,000.00.

**ANSWER**:    The Defendant denies the allegations in this paragraph.

**Count I – Non-Dischargeability of Debt
Pursuant to 11 U.S.C. §523(a)(6)**

37. PLAINTIFFS restate and incorporate herein by reference Paragraphs 1 through 36 above as and for Paragraph 37 of Count I of this complaint as if such allegations were fully set forth herein.

**ANSWER**:    The Defendant restates her Answers to Paragraphs 1-15 above as her Answer
         to Paragraph 37 herein.

9

38. Section 523(a)(6) of the United States Bankruptcy Code provides that an individual debtor is not discharged from any debt for willful and malicious injury by the debtor to another entity or to the property of another entity.

**ANSWER**: The Defendant admits the assertion in this Paragraph.

39. DEFENDANT'S materially false statements, misrepresentations, and omissions regarding PLAINTIFFS were willful in nature, as DEFENDANT was fully aware prior to and at the time of those statements, representations, and omissions that the same were false and part of a scheme to deliberately harm PLAINTIFFS.

**ANSWER**: The Defendant denies the assertions in this Paragraph.

40. DEFENDANT'S materially false statements, misrepresentations, and omissions regarding PLAINTIFFS were malicious in nature.

**ANSWER**: The Defendant denies the assertions in this Paragraph.

41. DEFENDANT'S conduct consisted of wrongful intentional acts carried out for the purposes of causing willful and malicious injuries to PLAINTIFFS and their business endeavors.

**ANSWER**: The Defendant denies the assertions in this Paragraph.

42. As a result of DEFENDANT'S materially false statements, misrepresentations, and omissions regarding PLAINTIFFS, PLAINTIFFS have suffered significant damages, the full extent of which is unknown at this time as they continue to accrue. Such damages will be determined and fixed at the time of trial in this adversary proceeding; however, PLAINTIFFS measure the amount of damages to be in excess of $100,000.00.

**ANSWER**: The Defendant denies the assertions in this Paragraph.

43. DEFENDANT'S materially false statements, misrepresentations, and omissions regarding PLAINTIFFS, carried out with the former's full knowledge of the falsity and deceptiveness of the same prior to and at the time thereof, amount to exceptions to discharge under Section 523(a)(6) of the United States Bankruptcy Code.

**ANSWER**: The Defendant denies the assertions in this Paragraph.

44. Based on the unlawful conduct carried out by DEFENDANT as stated in the foregoing allegations, DEFENDANT'S debt to PLAINTIFFS should be declared non-dischargeable pursuant to 11 U.S.C. §523(a)(6).

**ANSWER**: The Defendant denies the assertions in this Paragraph.

**WHEREFORE**, the Defendant, Dalia S. Manjarres Cohen, respectfully request that this Honorable Court enter judgment in her favor.

### Count II – Objection to Discharge
### Pursuant to 11 U.S.C. §727(a)(4)

45. PLAINTIFFS restate and incorporate herein by reference Paragraphs 1 through 15 above as and for Paragraph 45 of Count II of this complaint as if such allegations were fully set forth herein.

**ANSWER**: The Defendant restates her Answers to Paragraphs 1-15 above as her Answer to Paragraph 45 herein.

46. Section 727(a)(4)(A) of the United States Bankruptcy Code provides that a bankruptcy court shall grant a debtor a discharge unless the debtor knowingly and fraudulently, either in the case or in connection with the case, made a false oath or account.

**ANSWER**: The Defendant admits the assertion in this Paragraph.

47. Section 727(a)(4)(B) of the United States Bankruptcy Code provides that a bankruptcy court shall grant a debtor a discharge unless the debtor knowingly and

11

fraudulently, either in the case or in connection with the case, presented or used a false claim.

**ANSWER**: The Defendant admits the assertion in this Paragraph.

48. In her pending Chapter 7 bankruptcy case, DEFENDANT has falsely asserted in court filings the existence of a purported fraud claim against PLAINTIFFS.

**ANSWER**: The Defendant denies that the assertion was false.

49. Specifically, in DEFENDANT'S Schedule A/B filed in her pending Chapter 7 bankruptcy case, under "33. Claims against third parties . . .," DEFENDANT contends that she possesses a "[c]hose in action for fraud against [PLAINTIFFS]" for an "unknown" dollar amount.

**ANSWER**: The Defendant admits the assertions in this Paragraph.

50. In reality, DEFENDANT does not possess any cause of action for common law fraud or any fraud-related claims PLAINTIFFS. Yet, DEFENDANT has consciously chosen to push this false narrative about PLAINTIFFS in her court filings.

**ANSWER**: The Defendant denies the assertions in this Paragraph.

51. DEFENDANT'S contention that she possesses a "[c]hose in action for fraud against [CRESPO and RCI]" constitutes a false oath or account in her Chapter 7 bankruptcy case.

**ANSWER**: The Defendant denies the assertions in this Paragraph.

52. DEFENDANT made the aforesaid false oath or account knowingly, deliberately, consciously, and fraudulently.

**ANSWER**: The Defendant denies that the statement was false.

12

53. DEFENDANT'S contention that she possesses a "[c]hose in action for fraud against [PLAINTIFFS]" constitutes the presentation or use of a false claim in her Chapter 7 bankruptcy case.

**ANSWER**: The Defendant denies the assertions in this Paragraph.

54. DEFENDANT presented or used the aforesaid false claim knowingly, deliberately, consciously, and fraudulently.

**ANSWER**: The Defendant denies that the assertion was false.

55. Based on the conduct carried out by DEFENDANT as stated in the foregoing allegations of Count II of this complaint, PLAINTIFFS' objection to DEFENDANT'S discharge should be sustained and, pursuant to 11 U.S.C. §727(a)(4), DEFENDANT should be precluded from obtaining a discharge.

**ANSWER**: The Defendant denies the assertions in this Paragraph.

**WHEREFORE**, the Defendant, Dalia S. Manjarres Cohen, respectfully request that this Honorable Court enter judgment in her favor.

## **AFFIRMATIVE DEFENSE**

**NOW COMES** the Defendant, Dalia S Manjarres Cohen ("Defendant"), by and through her attorney, Peter C. Nabhani, and as for her affirmative defense to Counts I and II of the Complaint, states as follows:

1. On information and belief, Crespo is the owner and operator of RCI REALTY, LLC ("RCI").

2. Junior Anderson ("Anderson"), on information and belief, is Crespo's husband, and is the Defendant's ex-husband.

3. While the Defendant has seen Crespo on a few occasions, she never signed anything in front of Crespo, or acknowledged any signatures that she notarized were her own signatures.

4. Crespo worked in concert with Anderson, and, at times utilizing RCI, without my authorization to transfer ownership of, and other interests in, numerous properties in which I had an interest (collectively "Real Property Interests"), to Anderson, Crespo, and to third-parties, for Crespo and Anderson's benefit.

5. To accomplish the transfers of the Real Property Interests set forth in the preceding paragraph, Crespo, individually and, through RCI, and Anderson engaged in the following pattern of conduct, including but not limited to:

    A. Knowingly, and falsely notarized multiple signatures that were asserted to mine;

    B. On information and belief, forged my signatures, and/or notarized signatures that she knew or should have known were forged by Anderson;

    C. Knowingly executed notarizations of documents, purported with my signature, that, on information and belief, that pre-dated her notary license, which were not my signatures, or documents authorized to be signed on my behalf;

    D. Collected commissions and other payments on properties that were sold, knowing that my signature had been forged, and/or contained false notaries; and/or,

    E. Otherwise forged signatures and/or executed false notaries which allowed Anderson to perform real estate transactions and manage finances of the DMC Irrevocable Trust ("the Trust"), for which I am the trustee and beneficiary.

6.    An ongoing investigation by Chicago Police Department's Financial Crimes Division is currently in progress, which, on information and belief has outstanding subpoenas issues related to the fraudulent notaries.

7.    Based on the foregoing, it is the Defendant's belief that Crespo has violated both criminal and civil law, causing her financial damages, as it relates to the Real Property Interests and finances of the Trust.

**WHEREFORE**, the Defendant, Dalia S. Manjarres Cohen, respectfully request that this Honorable Court enter judgment in her favor.

*/s/Peter C. Nabhani*
_____
**Peter C. Nabhani (ATTY. NO. 6283600)**
**Attorney for Defendant**
**77 W. Washington St., Suite 1507**
**Chicago, Illinois 60602**
**Email: pcnabhani@gmail.com**
**Tel: (312) 219-9149/Fax: (856) 441-9744**